UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

KURT STOCKER,

                            Plaintiff,

         - against -

THE RITZ-CARLTON HOTEL and THE RITZ-CARLTON HOTEL COMPANY, LLC,

                            Defendants.
------------------------------------------------------------

08 CV 3663

JUDGE CASTEL

**NOTICE OF REMOVAL**

Index No.:

TO:   The Honorable Judges of the United States District Court for the Southern District of New York

Defendant, THE RITZ-CARLTON HOTEL COMPANY, LLC, sued herein as such and also sued herein incorrectly as THE RITZ-CARLTON HOTEL, by its attorneys, Saretsky Katz Dranoff & Glass, L.L.P., hereby removes this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§1332, 1441 and 1446, as amended, upon the following grounds:

    1.    THE RITZ-CARLTON HOTEL and THE RITZ-CARLTON HOTEL COMPANY, LLC are named defendants in the above-entitled civil action commenced by plaintiff, KURT STOCKER, in the Supreme Court of the State of New York, New York County (Index No. 104074/08). Copies of the Summons and Complaint in that action are attached hereto as Exhibit A and constitute all process, pleadings, and orders served upon defendants on March 24, 2008 and March 26, 2008.

    2.    The United States District Court has original jurisdiction over the subject matter of this civil action under 28 U.S.C. §1332(a) in that it is an action wherein the

amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is wholly between citizens of different states. Upon information and belief, plaintiff KURT STOCKER is a resident of the State of Colorado. Defendant THE RITZ CARLTON HOTEL is non-existent entity. Defendant THE RITZ-CARLTON HOTEL COMPANY, LLC. is a limited liability company duly organized and incorporated under the laws of the State of Delaware with a principal place of business at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland. None of the defendants are citizens of the State of New York.

  3. This Notice of Removal is being filed within thirty days after the service of the Summons and Complaint upon defendants in accordance with the provisions of 28 U.S.C. §1446(b). Plaintiff purportedly served the Summons and Complaint in this matter on defendant THE RITZ CARLTON HOTEL by service on a desk clerk at the Ritz Carlton Hotel located at 2 West Street, New York, New York on March 24, 2008. Plaintiff purportedly served defendant THE RITZ-CARLTON HOTEL COMPANY, LLC by personal service at said defendant's headquarters at 4445 Willard Avenue, Suite 800, Chevy Chase, Maryland.

  4. Upon the filing of this Notice of Removal, defendants will give notice thereof to plaintiff's attorney and will file copies of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County.

WHEREFORE, defendant THE RITZ-CARLTON HOTEL COMPANY, LLC, sued herein as such and also sued herein incorrectly as THE RITZ-CARLTON HOTEL, now

removes this action to the United States District Court for the Southern District of New York and respectfully requests that this case proceed in this Court as a properly removed cause of action and that defendant have such other, further and different relief as this Court may deem just and proper.

Dated:    New York, New York
          April 16, 2008

                              Respectfully submitted,

                              SARETSKY KATZ DRANOFF & GLASS, L.L.P.

                    By:       _____
                              Alan G. Katz, Esq. (AGK 4812)

                              Attorneys for Defendant
                              475 Park Avenue South, 26th Floor
                              New York, New York 10016
                              (212) 973-9797


TO:   McCARTHY & KELLY, LLP
      Attorneys for Plaintiff
      Federal Plaza
      52 Duane Street
      New York, New York 10007
      (212) 732-6000

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x

KURT STOCKER,

                Plaintiff,

- against -

THE RITZ-CARLTON HOTEL and THE RITZ-
CARLTON HOTEL COMPANY, LLC,

                Defendants.

-----------------------------------------------------------x

Index No. 104074/08

Plaintiff designates
New York County
as the place of trial

**DATE FILED** 3/19/08

The basis of venue is
Defendant's residence

**Summons**

Plaintiff reside at
990 Bear Ridge Road
Westcliffe, CO 81252

To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your Verified Answer on the undersigned attorneys, McCarthy & Kelly LLP, representing plaintiff, within twenty (20) days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York).

Please take notice that this action is based on a negligence cause of action, that plaintiff seek money damages for personal injuries and that in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Verified Complaint.

Dated: March 18, 2008
       New York, New York

                        McCARTHY & KELLY LLP
                        Attorneys for Plaintiff

                        By: _____
                        William P. Kelly
                        52 Duane Street – 7th Floor
                        New York, NY 10007
                        (212) 732-6000

TO:   The Ritz-Carlton Hotel     The Ritz-Carlton Hotel Company LLC
        Two West Street             4445 Willard Avenue - Suite 800
        New York, NY 10004        Chevy Chase, Maryland 20815

Dated: March 18, 2008
New York, New York

                                    McCARTHY & KELLY LLP
                                    Attorneys for Plaintiff

                                    By: _____
                                        William P. Kelly
                                        52 Duane Street – 7th Floor
                                        New York, NY 10007
                                        (212) 732-6000

TO:    The Ritz-Carlton Hotel     The Ritz-Carlton Hotel Company LLC
        Two West Street              4445 Willard Avenue - Suite 800
        New York, NY 10004          Chevy Chase, Maryland 20815



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------x

KURT STOCKER,

           Plaintiff,

- against -

THE RITZ-CARLTON HOTEL and THE
RITZ-CARLTON HOTEL COMPANY, LLC,

           Defendant.
--------------------------------------------------------------------x

Index No. 104674/2008

**VERIFIED COMPLAINT**

DATE FILED 3/19/2008

    Plaintiff Kurt Stocker, by his attorneys McCarthy & Kelly LLP states and alleges the following upon information and belief:

### FIRST CAUSE OF ACTION

    1.    That at all times hereinafter mentioned, plaintiff Kurt Stocker was and is an individual, a citizen of the United States and a resident of the State of Colorado, residing at 990 Bear Ridge Road, Westcliffe, CO 81252.

    2.    That at all times hereinafter mentioned, defendant The Ritz-Carlton Hotel was a domestic corporation duly organized and existing pursuant to the laws of the State of New York.

    3.    That at all times hereinafter mentioned, defendant The Ritz-Carlton Hotel owned the premises located at Two West Street, New York, NY 10004 including the building and sidewalk adjacent thereto.

    4.    That at all times hereinafter mentioned, defendant The Ritz-Carlton Hotel controlled the aforementioned premises.

5. That at all times hereinafter mentioned, defendant The Ritz-Carlton Hotel operated the aforementioned premises.

6. That at all times hereinafter mentioned, defendant The Ritz-Carlton Hotel maintained the aforementioned premises.

7. On April 8, 2005, plaintiff Kurt Stocker was lawfully at the aforementioned premises.

8. At the aforementioned time and place, plaintiff Kurt Stocker was caused to fall and/or was precipitated to the ground in the aforementioned premises by reason of a dangerous and/or defective condition existing at the aforementioned premises.

9. The aforementioned occurred as a result of the negligence, carelessness and recklessness of the defendant The Ritz-Carlton Hotel, its parents, agents, servants and/or employees in the ownership, operation, management, control, repair and maintenance of the aforementioned premises.

10. As a result of the aforementioned, plaintiff Kurt Stocker sustained severe and serious permanent personal injuries, incurred medical expenses and sustained other consequential damages.

11. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

12. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602.

13. By reason of the foregoing, plaintiff Kurt Stocker has been damaged in the sum of Two Million Dollars ($2,000,000).

## SECOND CAUSE OF ACTION

14. Plaintiff repeats, reasserts and realleges each and every one of the allegations contained heretofore in the above paragraphs as though stated herein fully and at length.

15. That at all times hereinafter mentioned, defendant The Ritz-Carlton Hotel Company LLC was a domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 4445 Willard Avenue - Suite 800, Chevy Chase, Maryland 20815.

16. That at all times hereinafter mentioned, defendant The Ritz-Carlton Hotel Company LLC owned the premises located at Two West Street, New York, NY 10004 including the building and sidewalk adjacent thereto.

17. That at all times hereinafter mentioned, defendant The Ritz-Carlton Hotel Company LLC controlled the aforementioned premises.

18. That at all times hereinafter mentioned, defendant The Ritz-Carlton Hotel Company LLC operated the aforementioned premises.

19. That at all times hereinafter mentioned, defendant The Ritz-Carlton Hotel Company LLC maintained the aforementioned premises.

20. On April 8, 2005, plaintiff Kurt Stocker was lawfully at the aforementioned premises.

21. At the aforementioned time and place, plaintiff Kurt Stocker was caused to fall and/or was precipitated to the ground in the aforementioned premises by reason of a dangerous and/or defective condition existing at the aforementioned premises.

22. The aforementioned occurred as a result of the negligence, carelessness and recklessness of the defendant The Ritz-Carlton Hotel Company LLC, its parents, agents, servants and/or employees in the ownership, operation, management, control, repair and maintenance of the aforementioned premises.

23. As a result of the aforementioned, plaintiff Kurt Stocker sustained severe and serious permanent personal injuries, incurred medical expenses and sustained other consequential damages.

24. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

25. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602.

26. By reason of the foregoing, plaintiff Kurt Stocker has been damaged in the sum of Two Million Dollars ($2,000,000).

WHEREFORE, plaintiff Kurt Stocker demands judgment against defendant The Ritz-Carlton Hotel on the First Cause of Action in the sum of Two Million Dollars ($2,000,000) and demands judgment against defendant The Ritz-Carlton Hotel Company LLC on the Second Cause of Action in the sum of Two Million Dollars ($2,000,000), together with the costs and disbursements of this action.

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

William P. Kelly, being duly sworn, states that he is an attorney duly admitted to practice in the State of New York and a member of the law firm of McCarthy & Kelly LLP, attorneys for plaintiff Kurt Stocker in the within action; that the foregoing Verified Complaint is true to his own knowledge, except as to those matters herein stated to be alleged upon information and belief, and as to those matters he believes them to be true; that the grounds of his belief as to all matters not stated upon his knowledge are from conversations with plaintiff and/or documents furnished to him by plaintiff.

The undersigned further states that this verification is made by the undersigned and not by plaintiff because plaintiff is not in the county where affirmant has his office.

_____
William P. Kelly

Sworn to me this
March 18, 2008

_____
Notary Public

GERALD T. McCARTHY
Notary Public, State of New York
No. 02MC5066072
Qualified in New York County
Commission Expires Sept. 23, 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Attorney: McCARTHY & KELLY - 133

KURT STOCKER

Plaintiff(s)

- against -

THE RITZ-CARLTON HOTEL AND THE RITZ-CARLTON HOTEL COMPANY, LLC

Defendant(s)

Index #: 104074/2008

Purchased: March 19, 2008
Date Filed:

**AFFIDAVIT OF SERVICE**

Attorney File #1: WPK/777/0491

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

DAVID GOLDBERG BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on March 24, 2008 at 12:20 PM at

TWO WEST STREET
NEW YORK, NY 10004

deponent served the within true copy of the SUMMONS & VERIFIED COMPLAINT on THE RITZ-CARLTON HOTEL, the defendant/respondent therein named,

**CORPORATION** by delivering thereat a true copy of each to PATRICK CHAN personally, deponent knew said corporation so served to be the corporation described in said SUMMONS & VERIFIED COMPLAINT as said defendant/respondent and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | YELLOW | BLACK | 30 | 5'8 | 170 |

WEARS GLASSES

The Summons Served had endorsed thereon the Index number and date of filing.

Sworn to me on: March 25, 2008

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

DAVID GOLDBERG
License #: 916033
Docket #: 548187

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

KURT STOCKER

Plaintiff(s)

- against -

THE RITZ-CARLTON HOTEL AND THE RITZ-CARLTON HOTEL COMPANY, LLC

Defendant(s)

Index # 104074/2008
Purchased March 19, 2008
Date Filed:

Attorney: McCARTHY & KELLY
Attorney File # WPK/777/0491

**AFFIDAVIT OF SERVICE**

STATE OF Washington, DC  : COUNTY OF n/a  ss:

Brandon Snesko BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT Washington, DC ON 3/26/08 AT 11:50 AM
AT 4445 Willard Ave. Suite 800, Chevy Chase MD 20815

DEPONENT SERVED THE WITHIN SUMMONS & VERIFIED COMPLAINT
ON: THE RITZ-CARLTON HOTEL COMPANY LLC, THE DEFENDANT/RESPONDENT THEREIN NAMED.

**#1 INDIVIDUAL** [ ] By delivering a true copy of each to said defendant/respondent personally; deponent knew the person so served to be the person described as the defendant/respondent therein.

**#2 CORPORATION** [X] A Maryland corporation, delivering thereat a true copy of each to Sonya Marrero personally, deponent knew said corporation so serviced to be the corporation, described in same as said defendant/respondent and knew said individual to be Authorized Agent thereof.

**#3 SUITABLE AGE PERSON** [ ] By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is the defendant's/respondent's [ ] actual place of business [ ] dwelling house / usual place of abode within the state.

**#4 AFFIXING TO DOOR** [ ] By affixing a true copy of each to the door of said premises, which is the defendant's/respondent's [ ] actual place of business [ ] dwelling house /usual place of abode within the state.

**#5 MAILING COPY** [ ] On _____, deponent completed service under the last two sections by depositing a copy of the SUMMONS & VERIFIED COMPLAINT to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of _____.

Deponent was unable, with due diligence to find the defendant/respondent or a person of suitable age and discretion, having called thereat

on the ___ day of ___ at ___
on the ___ day of ___ at ___
on the ___ day of ___ at ___
on the ___ day of ___ at ___

**#6 NON-SERVICE** [ ] After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the defendant/respondent being served because of the following: [ ] party unknown at address [ ] Evading [ ] Moved left no forwarding [ ] Address does not exist [ ] No one ever in or available to accept service

**#7 DESCRIPTION** [X] A description of the defendant/respondent, or other person served, or spoken to on behalf of the defendant/respondent is as follows:

Description is required if #1,#2 or #3 above is Selected

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| F | white | brown | 35 | Sitting | 110 |

Other:

**#8 WIT. FEES** [ ] $_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the witness/recipient.

**#9 MILITARY SERVICE** [ ] Deponent asked person spoken to whether the defendant/respondent was in the military service of the United States Government or on active duty in the military service in the State of _____ and was informed the defendant/respondent was not.

The Summons Served had endorsed thereon the Index number and date of filing.

Sworn to before me on this 28 day of MARCH 2008

Server signature: _____
Brandon Snesko

Notary Public Michael Molash
Notary Public, District of Columbia
My Commission Expires 7/14/2012

Docket #: 548188

FILED APR -1 2008 NEW YORK COUNTY CLERK

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                                        ss.:
COUNTY OF NEW YORK )

Bonnie Buchwald, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in Kings County, New York; that on the 16th day of April, 2008 deponent, on behalf of defendants, The Ritz-Carlton Hotel and The Ritz Carlton Hotel Company, LLC., served one copy of the within **NOTICE OF REMOVAL** upon:

> McCARTHY & KELLY, LLP
> Attorneys for Plaintiff
> Federal Plaza
> 52 Duane Street
> New York, New York 10007
> (212) 732-6000

at the address designated by said attorneys for that purpose, depositing same, enclosed in postpaid, properly addressed wrappers, in an official depository under the exclusive care of the United States Post Office in New York.

_____
Bonnie Buchwald

Sworn to before me this
16th day of April, 2008

_____
Notary Public

JACK RAMOS
Notary Public, State of New York
No. 01RA6046532
Qualified in Nassau County
Commission Expires August 14, 20__

SARETSKY KATZ DRANOFF & GLASS, L.L.P.

Index No. 104074    Year 20 08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

KURT STOCKER,

Plaintiff,

- against -

THE RITZ-CARLTON HOTEL and THE RITZ-CARLTON HOTEL COMPANY, LLC.,

Defendants.

## NOTICE OF REMOVAL

SARETSKY KATZ DRANOFF & GLASS, L.L.P.

Attorney(s) for  Defendant
Office and Post Office Address

475 PARK AVENUE SOUTH
NEW YORK, N.Y. 10016
(212) 973-9797
FAX (212) 973-0939

To

Attorney(s) for

Service of a copy of the within                               is hereby admitted.

Dated,

Attorney(s) for     .....................................

**Sir: Please take notice**

☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                              20
☐ *NOTICE OF SETTLEMENT*
that an order                                of which the within is a true copy will be presented for
settlement to the HON.                                                                    one of the judges
of the within named Court, at
on the              day of                  20      at        M.

Dated,

COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1-a

Yours, etc.

To the best of the undersigned's knowledge, information and belief formed
after an inquiry reasonable under the circumstances, the within document(s)   SARETSKY KATZ DRANOFF & GLASS, L.L.P.
and contentions contained herein are not frivolous as defined in 22 NYCRR  Attorney(s) for
§130-1.1-a.

Office and Post Office Address